# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR MURCIA, et al, <br><br> Plaintiffs, <br><br> v. <br><br> A CAPITAL ELECTRIC CONTRACTORS, INC., et al, <br><br> Defendants. | Civil Action No. <br><br> 1:16-cv-02065 |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

This Court must dismiss the Complaint because it (1) insufficiently alleges facts supporting venue in the District of Columbia and (2) fails to state a claim upon which relief can be granted.[1]

## I.   FACTS[2]

1. The Plaintiffs allege they were formerly employed by the Defendants to perform electrical work. The Plaintiffs claim that "a substantial portion of this work was performed a[t] construction sites in the District of Columbia."

2. Next, the Plaintiffs claim that A Capital Electric Services, Inc. ("A Capital") is a Virginia corporation that does a substantial portion of its work in the District of Columbia and regularly offers to perform work in the District of Columbia.

3. Third, the Plaintiff alleges Olga Gonzalez is the president and principal owner of A Capital. The Complaint claims she acted as a supervisor for each Plaintiff and "largely determined the hours that each Plaintiff worked."

---

[1] By filing this motion, Defendants do not waive jurisdiction or any other defense, and expressly reserve any and all defenses for presentation at a later date and before an appropriate court.

[2] The Facts alleged in the Complaint are accepted as true for the purpose of this motion only.

4. Last, the Complaint alleges that each Plaintiff worked for the Defendants at some point between 2013 and 2016. The Complaint claims the Defendants intentionally employed the Plaintiffs more than forty hours per week but did not pay the Plaintiffs overtime compensation.

## II.  STANDARD OF REVIEW

On a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the court must accept as true plaintiffs' well-pled allegations and draw all reasonable inferences from those allegations in the plaintiffs' favor, although the court need not accept a plaintiff's alleged legal conclusions as true. *Darby v. Dep't of Energy*, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002). A defendant must present specific facts that defeat a plaintiff's assertion of venue to prevail on a motion to dismiss for improper venue. *Id.* at 277.

In considering a Rule 12(b)(6) motion to dismiss, a court "assume[s] all the allegations in the complaint are true (even if doubtful in fact)" and "must give the plaintiff[s] the benefit of all reasonable inferences derived from the facts alleged." *Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citation omitted); *accord Simba v. Fenty*, 754 F. Supp. 2d 19, 22 (D.D.C. 2010). However, "the court need not accept [unsupported] inferences[,] . . . [nor must it] accept legal conclusions cast in the form of factual allegations." *Vila v. Inter-Am. Inv. Corp.*, 570 F.3d 274, 291 (D.C. Cir. 2009). Any "labels and conclusions," "naked assertion[s]," and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," will not suffice to avoid dismissal. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.     ARGUMENT

### A.     The Complaint Insufficiently Alleges the District of Columbia is the Proper Venue

When federal jurisdiction is based on a federal question through the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 1391(b) governs venue.  *Shay v. Sight & Sound Sys.*, 668 F. Supp. 2d 80, 84 (D.D.C. 2009).  Under that statute, venue is proper in a judicial district (1) "where any defendant resides, if all defendants reside in the same State," (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) "in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b)(1)-(3).

The Plaintiffs' two allegations, that (1) "a substantial portion of [their] work was performed a[t] construction sites in the District of Columbia," and (2) "a substantial portion of [Defendants'] work is done in the District of Columbia and it regularly offers to perform work in the District of Columbia," are insufficient to establish venue in this Court.  (Compl. ¶¶ 3-4).  *See Shay v. Sight & Sound Sys.*, 668 F. Supp. 2d 80, 84 (D.D.C. 2009).  In *Shay*, the court held that conclusory allegations that a substantial portion of the events giving rise to a claim occurred in the District of Columbia was insufficient without supporting factual allegations.  *Id.*  Further, when alleging violations of overtime laws, a plaintiff must provide sufficient facts to show that the ***uncompensated*** overtime work occurred in the District of Columbia.  *Id.* at 84-85.

Here, the Plaintiffs fail to allege sufficient factual support to survive dismissal and do not even proffer conclusory allegations that their uncompensated work occurred in the District.  This mandates dismissal under Fed. R. Civ. Proc. 12(b)(3).  *Shay*, 668 F. Supp. 2d at 84-85.

**B.   The Complaint Fails to State a Claim for Unpaid Overtime or Unpaid Wages**

Independently, the Court should dismiss the Complaint because it insufficiently alleges facts to support causes of action for unpaid overtime or untimely paid wages under the FLSA, the D.C. Minimum Wage Revision Act ("DCMWRA"), the D.C. Wage Payment Collection Law (DCWPCL"), the Maryland Wage Payment Collection Law ("MWPCL"), or the Virginia Wage Payment Law ("VWPL").

The Complaint contains insufficient facts to establish the plaintiffs are employees owed overtime wages.   The FLSA and DCMWRA provide that certain employees are entitled to overtime while independent contractors are not.  *See, e.g. Bonilla v. Power Design Inc.*, 2016 U.S. Dist. LEXIS 111355, *6 (D.D.C. Aug. 22, 2016).  To determine an individual's employment status under the FLSA, courts apply an "economic reality" test that considers various factors, such as: "(1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship and (5) the extent to which the work is an integral part of the employer's business." *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001). "No one factor standing alone is dispositive and courts are directed to look at the totality of the circumstances and consider any relevant evidence." *Id.*

Importantly, a bare legal conclusion that a defendant was the plaintiff's employer is insufficient.  *Bonilla*, 2016 U.S. Dist. LEXIS 111355, *6 (D.D.C. Aug. 22, 2016).  As in *Bonilla*, in this case, the Complaint does not sufficiently allege the Plaintiffs were employees entitled to overtime compensation because it only contains the unsupported legal conclusion that the Plaintiffs were Defendants' employees.   The only factual allegation relevant to the test of

employment under the FLSA and DCMWRA is the singular allegation that the Defendants "largely determined the hours each plaintiff worked." This is far from sufficient, especially considering that electricians are generally independent contractors. *Chao v. Mid-Atlantic Installation Servs.*, 16 Fed. Appx. 104, 107 (4th Cir. 2001).

The Complaint's failure to state a claim for unpaid overtime necessarily defeats its claim under the District of Columbia, Maryland, and Virginia wage payment laws because the Complaint does not allege any unpaid wages other than unpaid overtime compensation. (Compl. ¶¶ 6, 22, 27, 30). Because no wages were owed, Counts III, IV, and V must also be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court grant their Motion to Dismiss.

Dated: October 26, 2016                          Respectfully submitted,

                                                 Alan Lescht and Associates, PC

                                   By:    _____/s/_____
                                          Rani Rolston [974052]
                                          1050 17th St., N.W., Suite 400
                                          Washington, D.C. 20036
                                          T: 202.463.6036
                                          F: 202.463.6067
                                          Rani.rolston@leschtlaw.com
                                          *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th Day of October, 2016, I filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send a notification of such filing to each counsel of record in this matter, including to:

Matthew B. Kaplan [484760]
The Kaplan Law Firm
509 N. Jefferson St.

Arlington, VA 22205
T: (703) 665-9529
F: (888) 958-1366
mbkaplan@thekaplanlawfirm.com
*Attorney for Plaintiffs*

Respectfully Submitted,

_____/s/_____
Rani Rolston