UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR MURCIA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> A CAPITAL ELECTRIC CONTRACTORS, INC., *et al.*, <br><br> *Defendants.* | Civil Action No. 16-2065 (RDM) |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Oscar Murcia, Julio Cesar Chavez, Victor Garcia, Rafael Gonzalez, Jose Luis Cardona, and Franklin Puerta brought this action in the Superior Court of the District of Columbia under the Fair Labor Standards Act, the D.C. Minimum Wage Revision Act, and the D.C., Maryland, and Virginia wage payment laws.  Dkt. 1-2 at 4–7 (Compl. ¶¶ 8–31).  Plaintiffs allege that Defendants—A Capital Electric Contractors, Inc. and its president, Olga Gonzalez—failed to pay overtime wages over a period of several years from 2013 to 2016.  Dkt. 1-2 at 3 (Compl. ¶ 6).  Defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1441, Dkt. 1, and now move to dismiss for improper venue and failure to state a claim, Dkt. 8.  For the reasons explained below, the Court will deny that motion.

### I. BACKGROUND

For purposes of the pending motion, the Court must accept Plaintiffs' allegations as true. *See Wood v. Moss*, --- U.S. ---, 134 S. Ct. 2056, 2065–67 & n.5, (2014) (Rule 12(b)(6)); *Laukus v. United States*, 691 F. Supp. 2d 119, 125 (D.D.C. 2010) (Rule 12(b)(3)).

According to the complaint, Defendant A Capital Electric Contractors, Inc. is a Virginia electrical contractor that engages in "construction[-]related work in the Washington, D.C. metropolitan area." Dkt. 1-2 at 3 (Compl. ¶ 4). Defendant Olga Gonzalez is the "principal owner" of A Capital and serves as its president. *Id.* (Compl. ¶ 5). Plaintiffs, in turn, "were formerly employed by Defendants to perform electrical work." Dkt. 1-2 at 2 (Compl. ¶ 3). Each Plaintiff "worked for Defendant[s] at some point . . . from early 2013 through the first half of 2016." Dkt. 1-2 at 3 (Compl. ¶ 6). Gonzalez "supervis[ed] . . . each Plaintiff and largely determined the hours that each Plaintiff worked." *Id.* (Compl. ¶ 5).

Each of Plaintiffs' claims turns on the allegation that "Defendants regularly, intentionally and knowingly employed each Plaintiff in excess of forty hours per week but failed to pay each Plaintiff at a[n] . . . overtime rate" of time-and-a-half. *Id.* (Compl. ¶ 6). As a result, Plaintiffs allege, Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (Count I), and the D.C. Minimum Wage Revision Act ("DCMWRA"), D.C. Code § 32-1001(c) (Count II). Moreover, because Defendants did not pay these past-due overtime wages at the time that each Plaintiff ceased to work for Defendants, Plaintiffs assert that Defendants also violated the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1303 (Count III). Finally, Plaintiffs allege similar violations under Maryland (Count IV) and Virginia (Count V) law, "to the extent [those laws] appl[y] to Defendants' conduct." Dkt. 1-2 at 7 (Compl. ¶¶ 27, 30); *see* Md. Code Ann., Lab. & Empl. § 3-505; Va. Code Ann. § 40.1-29. Plaintiffs seek damages, including liquidated damages, attorney's fees and expenses, and an injunction barring "Defendant[s] from further violations of labor laws." *Id.* at 8 (Compl. Demand).

Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 and, then, promptly moved to dismiss for improper venue, *see* Fed. R. Civ. P. 12(b)(3), and for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6).[1]  Dkt. 8.

## II.  LEGAL STANDARD

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although "detailed factual allegations" are not required, the complaint must contain "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  The Court must "assume [the] veracity" of "well-pleaded factual allegations," *Iqbal*, 556 U.S. at 679, and must "grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged," *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks omitted).  The Court, however, need not accept "a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

A similar standard governs a defendant's motion to dismiss for improper venue.  The Court must "accept[] the plaintiff's well-pled factual allegations regarding venue as true;" must "draw[] all reasonable inferences from those allegations in the plaintiff's favor;" and must "resolve[] any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F.

---

[1]  Defendants assert that "[b]y filing this motion, [they] do not waive [personal] jurisdiction or any other defense." Dkt. 8-1 at 1 n.1.  The Federal Rules of Civil Procedure, however, define the scope of any such waiver, and a party may not avoid waiver by mere pronouncement. *See* Fed. R. Civ. P. 12(h); *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 964 (D.C. Cir. 2016).

Supp. 2d 274, 276 (D.D.C. 2002). The plaintiff, however, "bears the burden of establishing that venue is proper," *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (citation omitted), and must offer more than mere legal conclusions.

### III. ANALYSIS

**A.     Venue**

Defendants first argue that the Court must dismiss Plaintiffs' complaint on the ground that venue is improper in the District of Columbia. In particular, they contend that "28 U.S.C. § 1391(b) governs venue." Dkt. 8-1 at 3. That provision limits venue to judicial districts where "any defendant resides, if all defendants are residents of the State in which the district is located;" where "a substantial part of the events or omissions giving rise to the claim occurred;" or where "any defendant is subject to the court's personal jurisdiction" if "there is no district in which [the] action may otherwise be brought." 28 U.S.C. § 1391(b). Relying on § 1391(b), Defendants argue that Plaintiffs have failed to allege sufficient facts to show that a substantial portion of their uncompensated work occurred in the District of Columbia. Dkt. 8-1 at 3. They are incorrect on both the facts and the law.

As an initial matter, Plaintiffs have alleged that "[a] substantial portion of [the] work" that they performed on behalf of Defendants occurred at "construction sites in the District of Columbia." Dkt. 1-2 at 2–3 (Compl. ¶¶ 3–4). Despite Defendants' assertion to the contrary, that is not a mere legal conclusion; although the word "substantial" appears in § 1391 and has been given meaning by the courts, "the [C]ourt 'must treat the complaint's factual allegations—including mixed questions of law and fact—as true and [must] draw all reasonable inferences therefrom in the plaintiff's favor.'" *Smith v. United States*, 121 F. Supp. 3d 112, 117 (D.D.C. 2015) (quoting *Epps v. U.S. Capitol Police Bd.*, 719 F. Supp. 2d 7, 13 (D.D.C. 2010)). As the Supreme Court has explained, the federal rules do "not require 'detailed factual allegations,' but

4

[do] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Here, Plaintiffs' reliance on a legal term of art—"substantial"—does not deprive their allegation of sufficient factual content to survive a motion to dismiss. Defendants have access to the relevant evidence, moreover, and are free to bring an early motion for summary judgment if they can show that Plaintiffs' allegation is factually incorrect.

More importantly, Defendants' theory is wrong as a matter of law. They rely exclusively on 28 U.S.C. § 1391, the general venue statute. That provision applies to "civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a)(1). But this action was not *brought* in federal court; rather, it was brought in D.C. Superior Court and *removed* here by Defendants. "[B]ecause this is a removed action," § 1391 "has no application to this case." *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Instead, venue is governed by 28 U.S.C. § 1441, which applies to removed actions. *Id.* That statute "expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Id.* at 666 (quoting 28 U.S.C. § 1441(a)).

Applying § 1441(a), venue lies exclusively in this Court. Plaintiffs brought their claims in D.C. Superior Court, and Defendants chose to remove the case to federal court. Under those circumstances, § 1441(a) provided Defendants with a single option—to remove the case to this Court, which constitutes "the district and division embracing the place where" Plaintiffs' suit was brought. 28 U.S.C. §1441(a). "It therefore is immaterial that the federal court to which the action [was] removed"—that is, this Court—might "not have been a proper venue if the action originally had been brought [here]." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3732 at 618–21 (2009); *see also*

*Kotan v. Pizza Outlet, Inc.*, 400 F. Supp. 2d 44, 46 (D.D.C. 2005); *Translinear, Inc. v. Republic of Haiti*, 538 F. Supp. 141, 144 (D.D.C. 1982).

The Court will, accordingly, deny Defendants' motion to dismiss for improper venue.

**B.      Failure To State a Claim**

Defendants also move to dismiss for failure to state a claim. Dkt. 8-1 at 4–5. Their argument is twofold. First, Defendants contend that Plaintiffs have failed to state a claim under the FLSA, 29 U.S.C. § 207, and the DCMWRA, D.C. Code § 32-1003(c), because they have not adequately alleged that they were "employees" of Defendants under those statutes. Dkt. 8-1 at 4. Second, they argue that Plaintiffs have also failed to state a claim under the D.C., Maryland, or Virginia wage payment laws because their FLSA and DCMWRA claims fail, and they have not alleged that they sustained "any unpaid wages other than unpaid overtime compensation." *Id.* at 5. As explained below, the Court is unpersuaded.

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than [1.5] times the regular rate at which he is employed." 29 U.S.C. § 207(1). The DCMWRA similarly requires "employer[s]" to compensate "employee[s]" at 1.5 times the employee's normal rate for work performed in excess of 40 hours. D.C. Code § 32-1003(c). Thus, under both statutes, the requirement to pay overtime wages is keyed to the plaintiff's classification as an "employee." Because the DCMWRA uses "language very similar to the FLSA," the federal and D.C. statutes are "construed consistently" such that "determinations of employer or employee status under the FLSA apply equally under the [DCMWRA]." *Perez v. C.R. Calderon Constr., Inc.*, 221 F. Supp. 3d 115, 138 (D.D.C. 2016); *see also Gainor v. Optical Soc'y of Am., Inc.,* 206 F. Supp. 3d 290,

297 (D.D.C. 2016); *Galloway v. Chugach Gov't Servs., Inc.*, 199 F. Supp. 3d 145, 148–49 (D.D.C. 2016); *Thompson v. Linda & A, Inc.*, 779 F. Supp. 2d 139, 146 (D.D.C. 2011).

Under the FLSA and DCMWRA, the term "employee" means "any individual employed by an employer." 29 U.S.C. § 203(e)(1); *see* D.C. Code § 32-1002(2). An "employer," in turn, means "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *see* D.C. Code § 32-1002(3). These definitions are "necessarily . . . broad . . . in accordance with the remedial purpose[s] of the [a]ct[s]." *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 10 (D.C. Cir. 2001) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058 (2d Cir. 1988)).

To determine "employee" status, the Court must examine the "economic reality" between the parties, *Goldberg v. Whitaker House Coop, Inc.*, 366 U.S. 28, 33 (1961), and in particular "the extent to which typical employer prerogatives govern the relationship between the putative employer and employee," *Henthorn v. U.S. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). Thus, among other things, the Court must consider "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Morrison*, 253 F.3d at 11 (quoting *Henthorn*, 29 F.3d at 684). No factor is dispositive, however, and the Court must "look at the totality of the circumstances." *Id.*

A company's officers and owners, moreover, may at times be liable under the FLSA and DCMWRA. *See Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 1, 5 (D.D.C. 2010). This is because both acts impose liability on "employers," and an "employer" is defined to include "any person" who is "acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); D.C. Code § 32-1002(3). "The overwhelming weight of

7

authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 102 n.1 (D.D.C. 2015) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).  In assessing whether an individual should be considered an "employer" for purposes of the FLSA and DCMWRA, courts apply the four factors, discussed above, as well as "the ownership interest of the corporate officer." *Bebo Foods*, 738 F. Supp. 2d at 5.  Thus, "an individual who exercises operational control over an employee's ages, hours, and terms of employment [may] qualif[y] as an 'employer.'" *Guevara v. Ischia, Inc.*, 47 F. Supp. 3d 23, 26 (D.D.C. 2014).

For present purposes, the Court concludes that Plaintiffs have adequately alleged that they were "employees" of both A Capital and Gonzalez.  They allege, for example, that they were "employed by Defendants to perform electrical work," Dkt. 1-2 at 2 (Compl. ¶ 3); that Gonzalez was their "supervisor" and that she "largely determined the hours that each Plaintiff worked," *id.* at 3 (Compl. ¶ 5); and that Gonzalez is the "president and principal owner of A Capital." *Id.* (Compl. ¶ 5).  These allegations, although thin, are sufficient to survive a motion to dismiss.  Their sufficiency is perhaps best captured by comparison to the case Defendants cite in support of their motion.  In *Bonilla v. Power Design Inc.*, 201 F. Supp. 3d 60 (D.D.C. 2016), for instance, the Court dismissed an FLSA/DCMWRA claim brought against a general contractor, where the complaint alleged that the plaintiff's work was directed by a subcontractor, and where the complaint "failed to allege *any* facts indicative of the economic reality prevailing between" the plaintiff and the general contractor. *Id.* at 63 (emphasis added).  Here, in contrast, Plaintiffs have alleged that they were subject to the supervision of Gonzalez and that she set their hours.

Ideally, a complaint of this type would contain greater detail, but the Court nonetheless concludes that it includes enough—and barely enough—to state a claim.

Defendants also move to dismiss Plaintiffs' claims under the D.C., Maryland, and Virginia wage payment laws.  *See* D.C. Code § 32-1303; Md. Code Ann., Lab. & Empl. § 3-505; Va. Code Ann. § 40.1-29.  Their argument, however, is entirely dependent upon their contention that Plaintiffs have failed to state a claim under the FLSA and the DCMWRA.  Put in their own words, Plaintiffs contend that "[t]he [c]omplaint's failure to state a claim for unpaid overtime necessarily defeats [their] claim[s] under the [various] wage payment laws."  Dkt. 8-1 at 5.  Because the Court has rejected the premise of this argument, the conclusion necessarily fails as well.[2]

The Court, accordingly, will deny Defendants' motion to dismiss for failure to state a claim.

## CONCLUSION

Defendants' motion to dismiss for improper venue and failure to state a claim, Dkt. 8, is hereby **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  September 5, 2017

---

[2]  Because Defendants' motion is limited to this narrow ground, the Court will not consider whether the relief available for failure to pay overtime wages is limited to that provided in the overtime wage laws.  *But see Thompson v. Digicon Corp.*, 107 F. Supp. 3d 49 (D.D.C. 2015); *Driscoll v. George Washington Univ.*, 938 F. Supp. 2d 19 (D.D.C. 2013).